UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FELIX ZUNIGA and all others similarly )
situated under 29 U.S.C. 216(B), )
)
          Plaintiff, )
  vs. )
)
SALSA PROMOTERS, INC. )
JOSE A. GUTIERREZ, )
)
          Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, FELIX ZUNIGA, through undersigned counsel, files this Complaint against Defendants, SALSA PROMOTERS, INC. and JOSE A. GUTIERREZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. Defendant, SALSA PROMOTERS, INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant, JOSE A. GUTIERREZ, is a corporate officer and/or owner and/or manager of the Defendant Corporation and who ran the daily operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff worked for Defendants as a dishwasher from on or about April 8, 2011 through on or about March 15, 2012.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff transported and/or used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for Defendants was actually in and/or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2009, 2010 and 2011.

12. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first quarter of the year 2012 and is expected to exceed $500,000 for the year 2012.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. From on or about April 8, 2011 through on or about March 15, 2012, Plaintiff worked an average of 48 hours per week and was paid an average of $8.00 per hour, but was not paid the extra half-time rate for any overtime hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the halftime overtime rate for each overtime hour worked.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

WHEREFORE, Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment

period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                        Respectfully Submitted,

                        J.H. Zidell, Esq.
                        J.H. Zidell, P.A.
                        Attorney For Plaintiff
                        300 71st Street, Suite 605
                        Miami Beach, Florida 33141
                        Tel: (305) 865-6766
                        Fax: (305) 865 – 7167

                        By:__/s/ J.H. Zidell_____
                            J.H. Zidell, Esq.
                            Florida Bar Number: 0010121